■ HOWARD A. CUNNINGHAM, Appellant, v AETNA CASUALTY & SURETY COMPANY et al., Defendants, and STATE OF NEW YORK, Respondent.—Order and judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, a Town Justice of the Town of Lodi, holds court sessions at his residence. While appearing for an arraignment, Gregory Morrell slipped and fell on a sidewalk on plaintiff's premises. Morrell commenced an action against plaintiff for injuries allegedly suffered in that fall. Plaintiff commenced the instant action against the insurer on his homeowner's policy, the insurer for the Town of Lodi, and the State of New York for a judgment declaring the rights and liabilities of the parties for the defense and indemnification of plaintiff in the personal injury action.

Supreme Court correctly determined that plaintiff was not a State employee within the meaning of Public Officers Law § 17. A Town Justice is a town officer (Town Law § 20 [1] [a], [b]) and, as such, is a town employee within the meaning of Public Officers Law § 18, which authorizes local governments and other public entities to defend and indemnify their employees for acts or omissions done within the scope of their public duties. However, the court should not have dismissed the action against the State. Instead, it should have made an appropriate declaration of the rights and liabilities between plaintiff and the State (see, Siegel, NY Prac § 440, at 583 [1978]).

Accordingly, we modify the judgment to include the following decretal paragraph: "ORDERED, ADJUDGED, and DECREED that plaintiff is not an employee of the State within the meaning of Public Officers Law § 17 and that the State of New York is not obligated to defend or indemnify plaintiff." (Appeal from order and judgment of Supreme Court, Seneca County, Dugan, J.—declaratory judgment.) Present—Callahan, J. P., Denman, Boomer, Pine and Balio, JJ.